UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADIA ALVARADO CUERO,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-03790 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Shadia Alvarado Cuero filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), seeking immediate release from immigration detention. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 8.) Petitioner filed a Traverse (Dkt. No. 10.) Petitioner subsequently filed an application for a Temporary Restraining Order on the same grounds as the Petition. (Dkt. No. 15.) The Petition is granted in part.

## II. SUMMARY OF THE PETITION, ANSWER, AND TRAVERSE

Petitioner alleges she is a 29-year-old native and citizen of Colombia who, upon entry to the United States in 2022, was released by immigration officials on parole. (Dkt. No. 1 at 6.)[1] Following her release, Petitioner alleges she filed an application for asylum. (Id.) Petitioner subsequently received employment authorization and a Social Security number. (Id.) Petitioner lived openly in the United States, establishing her residence in Florida. (Id.) In early June 2026, Petitioner was detained by immigration officials. (Id.) Petitioner alleges she was not provided without notice or a hearing prior to her detainment. (Id. at 7.) Petitioner alleges she has still not received a meaningful custody determination. (Id.) Petitioner alleges the following grounds for relief: (1) a violation of the Immigration and Nationality Act because Petitioner was subject to mandatory detention; and (2) a violation of the Fifth Amendment's Due Process Clause due to the revocation Petitioner's liberty without pre-deprivation notice and a hearing. (Id. at 14-20.) Petitioner requests immediate release from custody, an injunction ordering Respondents to not re-detain Petitioner without advance notice and a hearing, declaratory relief, and, in the alternative, a bond hearing, with specified conditions, where Respondents must prove that Petitioner's detention is necessary by clear and convincing evidence. (Id. at 20-21.) Petitioner also requests various declarations involving the alleged violations of Petitioner's rights. (Id. at 20.)

In the Answer, Respondents clarify that Petitioner was detained pursuant to 8 U.S.C. § 1226(a), not the mandatory detention provision of U.S.C. § 1225(b). (Dkt. No. 8 at 2.) Respondents also provide a Form I213 Record of Deportable/Inadmissible Alien,

[1] All references are to the CM/ECF-generated pagination.

which indicates that Petitioner was detained by immigration authorities on June 8, 2026 following an arrest for prostitution. (Dkt. No. 8, Ex. 2.) Respondents argue that Petitioner is entitled to only a bond hearing, rather than release, because of Petitioner's criminal history. (Dkt. No. 8 at 3.) Respondents do not otherwise contest Petitioner's alleged facts.

In the Traverse, Petitioner argues that Petitioner's arrest for prostitution did not lead to a conviction. (Dkt. No. 13 at 2.) Petitioner further argues that Petitioner's arrest may be a matter for an immigration judge to weigh, but does not justify the lack of due process prior to Petitioner's re-detainment. (Id.) Petitioner argues that Respondents did not address her due process claim that her parole entitled her to notice and a hearing prior to re-detainment. (Id. at 3-4.) Petitioner reiterates that release, rather than a bond hearing, is the appropriate remedy for Respondents' violation. (Id. at 5.)

## III. DISCUSSION

### A. Petitioner is Entitled to Notice and a Bond Hearing

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL

883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"). This is in part because an individual who has been released on parole has an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Petitioner alleges she is a citizen of Colombia who, upon entry to the United States in 2022, was released by immigration officials on parole. (Dkt. No. 1 at 6.) Petitioner subsequently received employment authorization and a Social Security number. (Id.) Petitioner lived openly in the United States, establishing her residence in Florida. (Id.) Petitioner's release on parole created an "implicit promise" that she would not be re-detained absent changed circumstances and entitled Petitioner to pre-deprivation notice and a hearing. While Petitioner was detained by immigration officials following her arrest for prostitution, there is no evidence that Petitioner was subsequently charged or convicted. To the extent Petitioner's arrest may have violated the conditions of her release, such a fact does not strip Petitioner of her due process right to notice and a hearing.[2] See Zhang v. Warden of Adelanto ICE Processing Ctr., No. EDCV 26-3022-AS, 2026 WL 1709213, at *2 (C.D. Cal. June 12, 2026) (holding a petitioner arrested for crimes related to money laundering was entitled to a pre-deprivation hearing because "these facts do not merit depriving [the petitioner] of a hearing" and may instead "justify Petitioner's continued detention, and it is the

[2] This fact may be pertinent in the context of a bond hearing, where the immigration judge weighs the Petitioner's risk of flight and danger to the community.

immigration judge's proper role to assess and weigh such evidence and make that determination"); see also Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1033 (N.D. Cal. 2025) ("If a parolee serving out a sentence for a violent crime, and subject to highly restrictive conditions of release, has a sufficiently strong liberty interests to be entitled to a hearing prior to re-incarceration, then a non-citizen freed from civil detention on bond likely has a similar entitlement."); see also Castro Maradiaga v. Warden of the Golden State Annex Det. Facility, No. 1:25-CV-1779-DJC-JDP, 2026 WL 698807, at *4–5 (E.D. Cal. Mar. 12, 2026), report and recommendation adopted sub nom., 2026 WL 881232 (E.D. Cal. Mar. 31, 2026), vacated sub nom. on other grounds, 2026 WL 1027935 (E.D. Cal. Apr. 16, 2026) (holding that a noncitizen previously arrested and charged with crimes involving spousal and child abuse was still entitled to a bond hearing under the clear and convincing standard). Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of her release. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 967, 970 (N.D. Cal. 2019) (holding that a petitioner released under conditions of supervision was entitled to pre-deprivation notice and a hearing before re-arrest). As such, the Court finds Respondents violated Petitioner's procedural due process rights.

B. Remedy

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). Petitioner, as a noncitizen who was arrested after release on parole, has a due process right to a hearing that establishes whether Petitioner is a flight risk or danger to the community. See Doe v.

Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("At a hearing, a neutral decisionmaker can consider all of the facts and evidence before him to determine whether Petitioner in fact presents a risk of flight or dangerousness."). Because Petitioner was entitled to notice and a hearing prior to immigration detention, Petitioner will be prejudiced in having to litigate a bond hearing while in immigration detention. See Herman v. DHS, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) ("As numerous courts have recognized, detention makes it more difficult for noncitizens to access counsel, obtain evidence, and otherwise prepare for a bond hearing.") (citations omitted). Accordingly, the Court finds the appropriate remedy to be a bond hearing where Respondents have the higher burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. See, e.g., R.D.T.M. v. Wofford, No. 1:25-CV-01141-KES-SKO (HC), 2026 WL 191638, at *1 (E.D. Cal. Jan. 23, 2026) (finding a bond hearing under the clear and convincing standard to be the appropriate remedy when the petitioner was entitled to a pre-deprivation hearing before re-detention); see also Pablo Sequen v. Albarran, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025) (justifying the clear and convincing standard in part because "Rodriguez Diaz recognized that even where... statutory protections are available, greater protections may be constitutionally necessary in individual cases where the risk of an erroneous deprivation of liberty is particularly high") (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212-13 (9th Cir. 2022)). To the extent Petitioner seeks an injunction against future detention without notice and a hearing in the event Petitioner is released, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-

00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. ORDER

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Shadia Alvarado Cuero (A#246-201-168) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. At the bond hearing, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public;

3) The Application for Temporary Restraining Order (Dkt. No. 15) is denied as moot; and

4) Judgment shall be entered accordingly.

Dated: 09/10/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge